> The rule of law that if a later will was executed it revokes the former one is insufficient to cause the rejection of a will offered for probate, where the later will is not produced, and the alleged subscribing witnesses are unable to fix the date of its execution, other than the year, and have no recollection of the contents of the instrument, except that it contained a revoking clause.

In the matter of the probate of the will of Valentine Williams, the ·widow and certain next of kin file objections to the probate thereof. Decree of probate granted.

William G. Nicoll, for petitioner.

Elliott J. Smith, for contestant widow.

Harry G. Clock, for contestant Jacob V. Williams.

George S. Billings, special guardian, for Maude E. Stevenson and .Frederick G. Stevenson, infants, contestants.

PETTY, S. The will offered for probate by the petitioner, named therein as sole executor, bears date March 6, 1896, and is properly ·executed as a last will. No objections are offered to its form or the manner of its execution, but probate is opposed on the ground that it is not the last will made by deceased. It is claimed by contestants that a later will was made by deceased, in or· about the month of May, 1897, revoking the will now presented for probate; and in substantiation of the objections parol evidence is offered. Contestants have been unable to find and produce the alleged later will.

The rule of law advanced by the contestants, that if a later will was ·executed, revoking the will in question, the latter must be rejected, is undoubtedly correct, although the later will be not produced. 2 Rev. St. pt. 2, c. 6, tit. 1, § 42; In re Myers' Will, 28 Misc. Rep. 359, 59

N. Y. Supp. 908. The only issue, therefore, is whether the execution of the later will, revoking the will now offered, is sufficiently established. Mairs v. Freeman, 3 Redf. Sur. 181. After an examination of the testimony, I am of the opinion that the case made out by the contestants is not sufficient to warrant a rejection of the will offered. Neither the will alleged to have been executed in 1897 nor a copy is produced. One of the witnesses called as a subscribing witness to the will of 1897 testifies that he did witness a will of the deceased other than the one propounded, but cannot recollect in what year or what month the execution took place. That it was in warm weather is as definite as he can state, and as to the contents of this instrument witness does not testify. The other subscribing witness to the alleged later will testifies that he drew and witnessed a will of deceased in the year 1897. He is unable to fix the date other than the year, but states it must have been 1897, from a reference to other events which occurred about the same time, and which occurred in that year. He has no recollection of the contents of this instrument, except that it contained a revocation clause. Other testimony is offered, also, to substantiate contestants' claim, but a comparison of the testimony of the various witnesses leads to the conclusion that the proof offered is entirely too indefinite to authorize a denial of probate of the paper before me.

It is a delicate matter to reject as void an instrument signed and published by a decedent as his will, and to warrant such rejection on the ground claimed here the proof must be clear and convincing. The date of the subsequent will is all-important, and from all the testimony offered I am far from convinced on that point.

It further appears that the proponent in this proceeding went with his brother, one of the contestants, a day or two subsequent to the death of the deceased, to the testator's safe, and there found the will now offered, locked in a drawer alone by itself, and this is corroborated by the testimony of the brother. Under such circumstances, I believe it would be error to deny probate of the will propounded, and, in view of the general indefiniteness of the proof offered by contestants, any doubt existing must result favorably to proponent. There appear to have been reasonable grounds, however, for the contest; consequently no costs will be awarded against the contestants personally. Decree of probate granted. Costs may be taxed on usual notice.

Probate decreed.